UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERONICA GARCIA,

                Plaintiff,

    v.

LOS BANOS UNIFIED SCHOOL
DISTRICT, et al.,

              Defendants.

) 1:04-CV-6059-SMS
)
) ORDER GRANTING IN PART AND
) DENYING IN PART PLAINTIFF'S AND
) DEFENDANT'S MOTIONS IN LIMINE
) (DOCS. 73, 74, 75, 76, 77, 78,
) 79)
)
)
)
)

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

I. <u>Plaintiff's Motions in Limine</u> (Doc. 73)

Plaintiff filed motions in limine on February 12, 2007, and Defendant filed opposition on February 20, 2007 (Doc. 89). The matters were argued to the Court on March 5, 2007, with Rey Hassan appearing for Plaintiff, and Robert Rosati for Defendant. The matters were submitted to the Court for decision.

A. <u>Motion No. 1: Defendant's Investigation and Findings</u>

Plaintiff objects to 1) evidence of Defendant's findings or determination that there was insufficient evidence of sexual

1

harassment and retaliation; and 2) evidence of the investigation
conducted by Susan Kaplan, a paralegal employed by Defendant's
law firm; and 3) "all testimony" of Kaplan (Mot p. 2).

### 1. Rule 403

#### a. Legal Standards

Fed. R. Evid. 403 provides that although relevant, evidence
may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumulative
evidence.

A district court retains broad discretion to make the
determinations required by Rule 403. Obrey v. Johnson, 440 F.3d
691, 698 (9th Cir. 2005) (exclusion of other incidents of
unequal/discriminatory treatment held erroneous where probative
of motive, bias, and/or pretext in a pattern and practice of
discrimination case). A district court's weighing process
pursuant to Rule 403 should be stated on the record; when a court
fails to make an explicit finding of Rule 403 balancing on the
record, an appellate court reviews the evidentiary determination
de novo. United States v. Boulware, 384 F.3d 794, 805 n.6 (9th
Cir. 2004).

In determining whether to exclude evidence under Rule 403, a
court should consider whether the evidence presents a danger of
unfair prejudice, confusion, delay, waste of time, or unnecessary
accumulation of evidence. The court should consider the probative
value of the evidence and should evaluate the relative weight of
these factors as to the evidence in question as well as to

2

actually available substitute evidence, stipulations, etc. If there is alternative evidence with substantially the same or greater probative value as the proffered evidence but with a lower danger of unfair prejudice, exercise of a sound judicial discretion would discount the value of the proffered item and exclude the proffered evidence if its discounted probative value were substantially outweighed by unfairly prejudicial risk. Such a weighing should be made in view of the availability of other facts appropriate to the Rule 403 determination as well as with an appreciation of the offering party's need for "evidentiary richness and narrative integrity in presenting a case...." Old Chief v. United States, 519 U.S. 172, 182-83 (9th Cir. 1997) (citing, inter alia, the Committee Notes to Rule 403).

Courts have considered various factors, such as the importance of the evidence and the need for it in the context of litigation, including both the extent to which the evidence tends to establish the matter as to which it is offered and the extent to which that matter is directly in issue, Mihailovich v. Laatsch, 359 F.3d 892, 906-914 (7th Cir. 2004); United States v. Herman, 589 F.2d 1191, 1198 (3d Cir. 1978); the length of the chain of inferences necessary to establish the fact of consequence, United States v. Murray, 103 F.3d 310, 316 (3d Cir. 1997); remoteness in time as affecting probative value, Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 690 (9th Cir. 2001) (upholding the trial court's exercise of discretion under Rule 403 to exclude five-year-old incidents of harassment with other parties that would have shown knowledge of the employer of the harasser's conduct but which carried a substantial danger of

inefficient use of trial time in considering collateral events in a "mini trial" and of focusing the jury's assessment on remote events); the availability of alternative means of proof, <u>Old Chief v. United States</u>, 519 U.S. 172, 184-5 (1997); the presence of any surprise, <u>Smith v. Ford Motor Co.</u>, 626 F.2d 784, 798-99 (10th Cir. 1980); and the probable effectiveness or lack thereof of a limiting instruction, <u>United States v. Boulware</u>, 384 F.3d 794, 808 (9th Cir. 2004), or of redaction, <u>Constantino v. David M. Herzog, M.D., P.C.</u>, 203 F.3d 164, 1765 (2d Cir. 2000).

If the probative value and danger of prejudice, confusion, etc., are of relatively equal weight, the evidence should be admitted. <u>Blancha v. Raymark Industries</u>, 972 F.2d 507, 516 (3d Cir. 1992).

Undue prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one, <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997) (concerning character evidence used to show propensity to commit an offense); it is evidence likely to inflame the passions of the jury sufficiently to distract them from the issues, <u>United States v. Layton</u>, 767 F.2d 549, 556 (9th Cir. 1985).

In considering undue prejudice, courts have considered whether or not cross-examination and/or cautionary instructions may reduce the risk of prejudice. <u>DeBiasio v. Illinois Central R. R.</u>, 52 F.3d 678, 687 (7th Cir. 1995).

Evidence may be more likely to confuse the issues or mislead the jury where its admission would lead to litigation of collateral issues and thereby create a side issue that might distract the jury from the main issues. <u>Blancha v. Raymark</u>

1  Industries, 972 F.2d 507, 516 (3d Cir. 1992).

2      If the probative value of evidence is minimal and thus is

3  substantially outweighed by the amount of time it will take to

4  establish the evidence, it may be excluded, such as when detailed

5  rebuttal testimony is necessary in order to show lack of

6  probative worth. In re Agent Orange Prod. Liab. Litigation, 611

7  F.Supp. 1223, 1255-56 (E.D.N.Y. 1985).

8      A court has discretion to exclude evidence that is

9  cumulative or repetitive of evidence already in the record.

10 United States v. Hicks, 103 F.3d 837, 847 (9th Cir. 1996)

11 (upholding exclusion of expert on eyewitness identifications

12 because its substance was covered in cross-examination and jury

13 instructions). Demonstrative evidence is generally not considered

14 cumulative of oral testimony on the same subject matter because

15 it illustrates it. Grimes v. Employers Mutual Liability Co. of

16 Wisconsin, 73 F.R.D. 607, 610 (D.AK 1977); but see Pursche v.

17 Atlas Scraper and Engineering Co., 300 F.2d 467 489 (9th Cir.

18 1961) (upholding exclusion of motion picture when testimony and

19 still pictures were admitted into evidence).

20          b. Analysis regarding Investigation

21      The fact that Defendants carried out an investigation, and

22 the nature and extent of that investigation, is part of a crucial

23 defense to Plaintiff's claim of hostile work environment

24 harassment by a supervisor, and also a defense to an apparently

25 separate claim that Defendants did not respond appropriately to

26 Plaintiff's complaint regarding the alleged masturbation of May

27 30, 2003. Defendants will attempt to show that it undertook

28 prompt corrective action reasonably calculated to prevent and

correct harassment, and Plaintiff unreasonably failed to take advantage of the opportunities to avoid harm. See, Bator v. State of Hawaii, 39 F.3d 1021, 1029 (9th Cir. 1994); Sarro v. City of Sacramento, 78 F.Supp.2d 1057, 1064-65 (E.D.Cal. 1999) (recognizing this as a basis of Title VII liability). Plaintiff alleged that the board was required by federal law to take reasonable steps to prevent harassment and retaliation for opposing unlawful sexual harassment by employees, and the Defendant failed or refused to take appropriate action to remedy it and prevent it. (FAC ¶¶ 7, 15, 18.)

It is also relevant to the question of whether or not Defendant is liable for Heid's conduct in that it reveals what the employer knew of the misconduct and what it did to cure or prevent it.

Although Heid may not be personally liable for his own Title VII violation, an employer is generally liable for hostile work environment sexual harassment by a supervisor who has immediate or successively higher authority over the employee in question. Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). However, a recognized defense is that the employer exercised reasonable care to prevent and correct any sexually harassing behavior, and the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided to avoid the harm. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. at 807.

Thus, evidence of the investigation has high probative value. The fact that Kaplan was or may have been biased due to a connection between her employer's office and the Defendant, or

6

because she was being paid, or the inherent bias of the board's finding based on the fact that the decision makers were all in-house, should not require exclusion; it is for the finder of fact to determine the adequacy of the investigation. Further, generally, a witness's lack of credibility does not itself constitute unfair prejudice; rather, it would be a basis for the finder to evaluate the witness. <u>See</u>, <u>Rainey v. Conerly</u>, 973 F.2d 321, 325-26 (4th Cir 1992) (error to exclude document thought to be unreliable; lack of credibility was not unfair prejudice per se under Rule 403; the jury is to resolve the issue of credibility). Although it might take up substantial time and raise some collateral issues, that consideration does not outweigh the probative value.

The Court notes that in a somewhat related motion in limine, Defendant seeks to exclude Plaintiff's consistent statements during the investigation and therapy regarding the events that Plaintiff claims constitute harassment/hostile work environment. It would be unfair to permit Defendant to show how it proceeded in investigating and to assert the reasonableness and adequacy of its process without Plaintiff's being able to show Plaintiff's input into the investigation and experience of the investigation; indeed, it might be confusing to the trier not to have a full and balanced story of the investigation because the trier would not understand the basis for the parties' actions and responses.

Accordingly, the Court concludes that the probative value is not substantially outweighed by prejudice or other negative factors, and the motion to exclude all evidence of the investigation IS DENIED.

7

c. <u>Analysis regarding Findings</u>

Plaintiff argues that the <u>finding</u> of Defendant that there was insufficient evidence of harassment and retaliation (both are mentioned at p. 3, but only the former is argued at pp. 3-4 of Plaintiff's motion) should be excluded under Rule 403 because the findings could poison the well of clear judgment, causing jurors to be hesitant to overturn the findings of such a sophisticated and august group.

Plaintiff relies on authority concerning agency findings. A court in this circuit must introduce an <u>agency's</u> finding of probable cause. <u>Beachy v. Boise Cascade Corporation</u>, 191 F.3d 1010, 1015 (citing authorities). However, in ruling on an objection to the admissibility of <u>agency</u> findings of insufficient facts to continue an investigation (which is more analogous to the present case, which involves an employer's own investigation that culminated in a finding of insufficient evidence of harassment or retaliation), a court need not admit it per se, and instead should conduct a balancing pursuant to Rule 403. The document is not a preliminary probable cause finding, but rather is like a final ruling by the agency, which carries a greater risk of unfair prejudice because a jury might find it difficult to evaluate evidence independently after being informed of the investigating agency's final results. <u>Beachy v. Boise Cascade Corporation</u>, 191 F.3d p. 1015; <u>see</u>, <u>Gilchrist v. Jim Slemons Imports, Inc.</u>, 803 F.2d 1488 (9th Cir. 1986) (EEOC letter of violation subject to discretionary admission). It has been held appropriate to exclude the EEOC's conclusive finding of liability under Title VII (and to have the parties stipulate to a statement

of facts of the relevant incident and investigation where liability was already established and the only issue was the suffering of emotional distress as a result of the employer's failure to conduct an adequate investigation). Amantea-Cabrera, 279 F.3d 746, 749-50.) It has also been held that it was not erroneous to admit evidence of an arbitrator's decision (later vacated by a court) of a racial discrimination violation as a complete narrative of the events of the case where the jury repeatedly was told that the award had been vacated, and thus any prejudice was immediately and repeatedly miniminzed. Elsayed Mukhtar v. California State University Hayward, 299 F.3d 1053, 1062 (9th Cir. 2002), amended 319 F.3d 1073 (2003).

It is recognized that an employer's duty to take corrective action in response to a complaint of harassment has two parts: temporary steps to deal with the situation while the employer determines whether the complaint is justified; and permanent remedial steps the employer takes once it has completed its investigation. Swenson v. Potter, 271 F.3d 1184, 1192. The findings of the employer (there the USPS, which found that it could not support a case of sexual harassment by a co-worker against the alleged perpetrator) were admissible in Swenson v. Potter, 271 F.3d 1184, 1193-95, including the findings of the in-house investigation (at 1196) as well as the findings of the EEOC ALJ to the effect that a violation of Title VII had occurred (at 1198). Although not raised as an issue in that case, the evidentiary rulings make sense because of the need under the law for the trier to determine the adequacy of the investigation process and the actions taken in as a result thereof. The

1 evidence of the employer's conclusion or finding is part and
2 parcel of the investigation and other actions taken thereafter,
3 which have high probative value. Any prejudice would not be
4 unfair or undue because the Plaintiff is trying, after all, to
5 show not only that Heid sexually harassed her, but also that the
6 employer was aware of it and took ineffective or inadequate
7 actions, thereby violating Title VII. Any bias of the
8 investigators or the board which informally decided the issue may
9 be argued to the jury, as may any unfairness or inadequacy of the
10 investigation. As Plaintiff's counsel admitted at hearing, the
11 finding, if based on an investigation found by the trier to be
12 unfair or inadequate, could conceivably could work in Plaintiff's
13 favor on the third claim.

14     The Court concludes that the probative value of the findings
15 of the Defendant during the investigation is not outweighed by
16 the potential for prejudice under Rule 403.

17     The Court will consider giving a limiting instruction that
18 the evidence of the finding is admitted to show that the finding
19 was made, not that it was factually accurate or that the
20 harassment did not occur. The parties are directed to suggest to
21 the Court the terms of such an instruction.

22     Accordingly, Plaintiff's motion in limine to exclude the
23 findings of the employer in the investigation under Rule 403 IS
24 DENIED.

25          d. <u>Analysis regarding Kaplan's Testimony</u>

26               I. <u>Rule 403</u>

27     Plaintiff generally objects to all testimony of Kaplan (Mot.
28 p. 2), presumably testimony regarding the investigation, and

10

presumably on the basis of Rule 403. This appears to be largely duplicative of the motion to exclude testimony regarding the investigation and findings. However, she is the person who primarily conducted the investigation; she is the most knowledgeable percipient witness of the steps undertaken, the information gained, and the transmission of information to the employer effected in connection with the investigation, and it does not appear that there is any substitute for her in this regard. Again, the probative value outweighs any of the competing considerations.

Accordingly, the motion to exclude all of Kaplan's testimony pursuant to Rule 403 IS DENIED.

## II. Expert Opinion

Plaintiff argues that Kaplan is not a qualified expert. However, at hearing Defendant confirmed that although her training and qualifications to perform the investigation will be covered, Kaplan will not be offered as an expert, but rather only as a percipient witness to the investigation and related proceedings and events.

Accordingly, the motion to exclude Kaplan's expert testimony IS DENIED AS MOOT.

## III. Hearsay

Plaintiff states that Kaplan has no personal knowledge of material facts. Again, she has personal knowledge of the investigation. With respect to much of the information gained in the investigation (which witnesses said what when), it is probable that Kaplan will testify as to statements made by witnesses. The Court rejects any reliance by Plaintiff on the

1  hearsay prohibition (Plaintiff made no express hearsay objection,
2  but Defendant covered it in the opposition [p. 9-10]). It would
3  appear that Kaplan's relating statements by witnesses would not
4  be for the purpose of showing the truth of the matters stated,
5  but rather for the purpose of showing that the statements were
6  made (i.e., were events in the investigation) or were heard, a
7  non-hearsay purpose, <u>Swirsky v. Carey</u>, 376 F.3d 841, 852 (9th Cir.
8  2004), <u>United States v. Montana</u>, 199 F.3d 947, 949 (7th Cir.
9  1949), or to show communication to, or knowledge on the part of,
10 one to whom the information was transmitted, <u>Ramirez-Rodriguez v.</u>
11 <u>Boehringer Ingelheim Pharmaceuticals, Inc.</u>, 425 F.3d 67, 75-77
12 (1st Cir. 2005). This would bear on the reasonableness of the
13 conduct of the employer once informed of the alleged misconduct
14 of Heid.

15      Evidence of statements sought to be introduced for the truth
16 of the matter asserted should be excluded. However, it appears
17 that Defendant's purpose in attempting to introduce what was said
18 during the investigation is not to prove the truth of the matters
19 asserted, but rather to demonstrate its conduct and that it was a
20 reasonable response, to show its conduct towards Plaintiff, the
21 degree of responsiveness to Plaintiff's complaint reflected in
22 the investigation, and its focus (i.e., on the conduct, or on
23 extraneous matters, such as Plaintiff's own past).

24      However, a limiting instruction is appropriate to inform the
25 jury that the evidence may not be considered for the truth of the
26 matter asserted, but only for the purpose of showing that the
27 statement was made. The parties ARE DIRECTED to propose the terms
28 of a limiting instruction to the Court.

1   Accordingly, Plaintiff's motion to exclude all of Kaplan's
2  testimony as hearsay IS DENIED.

3         B. <u>Testimony of Heid regarding Son's Service in Iraq</u>

4   Plaintiff seeks to exclude Heid's testimony regarding his
5  son's having been deployed to Iraq.

6   At the hearing on the motion, the parties agreed that Heid
7  will testify that he retired from LBUSD for personal reasons, to
8  be closer to his family, and thus moved to Texas with his wife
9  last year where his son lives. (Opp. p. 2.) In such
10 circumstances, the evidence of the son's deployment would seem to
11 have only remote relevance and a significant risk of some appeal
12 to jurors' passions, and thus should be excluded.

13  However, if Plaintiff "implies, questions, asks, or argues"
14 that Heid left LBUSD for reasons other than personal reasons, and
15 thus litigates the reason for Heid's retirement or attacks Heid's
16 credibility concerning the retirement and move, then testimony
17 regarding Heid's son having been deployed to Iraq last year will
18 be sufficiently relevant and probative to warrant admission
19 because it would not be significantly outweighed by a potential
20 for prejudice.

21  Accordingly, Plaintiff's motion to exclude any mention of
22 Heid's son's service in Iraq IS DENIED AS MOOT, subject to a
23 renewed objection if evidence introduced or argument raise a
24 material issue concerning Heid's reason for leaving the district
25 or credibility related thereto.

26  II. <u>Defendant's Numbered Motions in Limine</u>

27  Defendant filed six serially numbered motions in limine on
28 February 12, 2007 (Docs. 74 through 79, numbered 1 through 6,

13

respectively), and Plaintiff filed opposition on February 20, 2007 (Docs. 82 through 87).

> A. <u>Defendant's Motion in Limine No. 1:</u>
> <u>Harassment of Gomes by Heid (Doc. 74)</u>

Pursuant to Fed. Rule Evid. 403, Defendant moves to exclude 1) any and all testimony, evidence, or argument regarding a sexual harassment accusation by Margaret Gomes against Ray Heid, and 2) all other testimony by Margaret Gomes, arguing that the probative value is substantially outweighed by the risk that the evidence will confuse the issues or mislead the jury, or necessitate undue delay and a waste of time.

Evidence of Heid's alleged harassment of Gomes would not be admissible to show prior acts as demonstrating Heid's character and supporting an inference therefrom that he was more likely to act in conformity therewith at other times, such as with respect to Plaintiff and her claim of harassment. Fed. Rule Evid. 404 (a).

However, evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident. Rule 404(b). An employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member, and even a discriminatory attitude in general is relevant to prove discrimination with respect to quid pro quo harassment involving a term or condition of employment. <u>Heyne v. Caruso</u>, 69 F.3d 1475, 1479-82 (9th Cir. 1995) (holding that the trial court

1  erred in excluding evidence of the employer's harassment of other

2  female employees because it significantly obstructed Plaintiff's

3  attempt to prove motive in rebutting the employer's proffered

4  reason for the allegedly discriminatory termination). Evidence of

5  an employer's sexual harassment of female employees other than

6  the plaintiff and evidence of disparaging remarks about women in

7  general have been held relevant to a discriminatory discharge

8  claim based in part on hostility towards women. <u>Heyne</u> at 1480

9  (citing <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 897-98 (9th Cir.

10 1994)). The probative value of the employer's sexual harassment

11 of other female employees is especially high because of the

12 inherent difficulty of proving state of mind. <u>Heyne</u> at 1480. Any

13 prejudice resulting from such evidence is not unfair if the trier

14 believes that sexual harassment of other female employees made it

15 more likely that an employer viewed his female workers as sexual

16 objects and that, in turn, convinced the jury that an employer

17 was more likely to fire an employee in retaliation for refusal of

18 sexual advances (i.e., because of sex). In such a case, there is

19 a direct link between the issue before the jury (employer's

20 motive in undertaking the action) and the factor on which the

21 jury's decision is based (employer's harassment of other

22 females).

23      Here, the reason for Heid's negative performance evaluations

24 of Plaintiff (alleged to be retaliatory) and for his conduct that

25 could be inferred to reflect a hostile work environment (HWE) is

26 disputed, with Defendant asserting a valid business reason (poor

27 work performance), and Plaintiff asserting mistreatment because

28 of gender. That Heid mistreated Gomes, another female employee in

the unit, by yelling at her and using bad language towards others
on at least one occasion that she felt was inappropriate, during
the 2001-2002 time frame, and evidence that warrants an inference
that it was because of sex, would be probative of the basis of
the harassment and of the performance evaluations. Although Gomes
stated that she sometimes saw Heid mistreat male employees in the
same way and thus was not sure her own mistreatment by him was
because of sex, it should be remembered that there is other
evidence that treatment of men was more joking or jovial, and
thus the trier should be the one to draw the inference regarding
true motive on each occasion. In addition to the facts that Gomes
and Garcia worked in the same office and that the two women's
complaints overlapped in time somewhat, in both cases there were
claims of unwarrantedly negative performance evaluations after
complaints, very negative feedback and very hostile work
environment towards both women, and ultimate transfer of the
women after investigations occurred. Thus, there are significant
similarities with the two situations.

Defendant claims that significant time would be taken by the
testimony required to rebut the assertion that Gomes was sexually
harassed and to show that Gomes had a motive to lie, including
testimony from Elliott, Heid, Garcia, and Villalta, which should
take two to three days.

The motive is closely related to the harassment here, and
the probative value of the evidence is substantial; the probative
value is not substantially outweighed by the danger of undue time
and confusion, or by prejudice. Potential unfair prejudice may be
limited by an instruction that the jury is to consider Gomes'

sexual harassment testimony only for the determination of the employer's motive or basis for conduct towards Plaintiff, or for any other valid purpose offered by the parties, but not as to whether or not any harassment actually occurred. <u>Heyne</u>, at p. 1481. The parties are directed to propose the terms of an appropriate limiting instruction.

Accordingly, Defendant's motion to exclude the testimony of Margaret Gomes regarding alleged sexual harassment by her of Heid IS DENIED.

B. <u>Defendant's in Limine Motion No. 2</u>:
<u>Acts Not Constituting Sexual Harassment, Time-barred Acts</u>

Defendant's motion (Doc. 75-1) was opposed by Plaintiff (Doc. 83).

1. <u>Acts Not Constituting Sexual Harassment</u>

Defendant argues that conduct not constituting sexual harassment or conduct that is time-barred as a matter of law should be excluded as irrelevant or pursuant to Rule 403.

The earlier incidents tend to show the nature and extent of any sexually discriminatory or sexually harassing conduct that in totality make up the allegedly hostile work environment, a matter that is central to Plaintiff's case. There does not appear to be a danger of undue prejudice; it is up to the trier of fact to determine the nature and extent of the allegedly hostile work environment by looking at the events in their totality.

a. <u>Yelling Incident of October 8, 2002</u>

Defendant moves to exclude evidence of the yelling incident of October 8, 2002, on the ground that it does not constitute sexual harassment as a matter of law because Garcia admitted that

1 she had not perceived this incident or previous yelling as sexual
2 harassment; it was not until the "wipe your ass" comment that she
3 considered her treatment to be sexual harassment.

4     Plaintiff's deposition testimony reflects that she
5 complained to Elliot about the October 2002 behavior of Heid
6 regarding a document that she did not immediately bring to him,
7 including yelling her name, screaming at her, putting his fists
8 up in the air and then closing them as he approached her, and
9 causing her to believe that he was going to hit her; instead,
10 after she raised her voice to him and said that although she owed
11 him respect, he also owed her respect, Heid hit himself against
12 the wall and then said, "Whoa, I blew it." Plaintiff continued to
13 be afraid that he was going to return and hit her, even after he
14 apologized; the gist of the injury was that she felt physically
15 threatened. She did not consider that incident or the times that
16 he had previously yelled at her to be sexual harassment.

17     The Court previously addressed this issue on the motion for
18 summary judgment in response to Defendant's request that all
19 allegations of sexual harassment be determined in its favor
20 except the masturbation allegations of May 2002 and January 2004.

21     It is discrimination because of sex that is actionable; the
22 critical issue is whether or not members of one sex are exposed
23 to disadvantageous terms of conditions of employment to which
24 members of the other sex are not exposed. Oncale v. Sundowner
25 Offshore Services, Inc., 523 U.S. 75, 80 (1998). With respect to
26 HWE, the issue is whether the conduct in question is sufficiently
27 severe or pervasive such that a reasonable person in the
28 Plaintiff's position would find the environment hostile or

1  abusive in light of the context of all surrounding circumstances.
2  Id. pp. 81-82. Title VII bars not only conduct that would
3  seriously affect a reasonable person's psychological well-being,
4  but also conduct that would reasonably be perceived, and is
5  perceived, as hostile or abusive. Harris v. Forklift Systems,
6  Inc., 510 U.S. 17, 22 (1993). If the victim does not subjectively
7  perceive the environment to be abusive, then the conduct has not
8  actually altered the conditions of the victim's employment, and
9  there can be no Title VII violation. Id. Factors to be considered
10 include the frequency of the conduct, the severity of it, whether
11 it is merely offensive or is physically threatening or
12 humiliating, and whether it unreasonably interferes with an
13 employee's work performance; the effect on the employee's
14 psychological well being is relevant to determining whether the
15 Plaintiff actually found the environment abusive. Id. p. 23.

16      Here, Plaintiff is asserting a pattern of actions that
17 together constituted a hostile work environment. Plaintiff
18 considered the conduct of Heid physically threatening and thus
19 necessarily humiliating and/or demeaning. Thus, there is evidence
20 that regardless of Plaintiff's characterization of the perceived
21 motive of the treatment at the time, Plaintiff nevertheless
22 considered it to be humiliating and demeaning and thus abusive.
23 It remains one act in a series of acts that in their totality may
24 be determined by the trier to be a hostile work environment.
25 Cross-examination can ensure that the trier learns that at the
26 time, Plaintiff did not consider the previous yelling or even
27 that particular yelling to be based on her sex. Instructions to
28 the jury will ensure that the jury understands that the only

1  actionable harassment is that which is both subjectively and
2  objectively perceived to be because of sex.

3       In summary, the Court concludes that the trier should be
4  able to consider it along with the remainder of the treatment
5  Heid gave to Plaintiff, in order to determine the extent of any
6  harassing conduct and HWE. Plaintiff's belief that the time as to
7  the reason for the conduct is one factor among others;
8  Plaintiff's ultimate understanding and the reasonableness of it
9  should be assessed in light of all the circumstances.

10      A reasonable trier of fact could conclude that physically
11 threatening conduct was part and parcel of a practice of
12 harassment directed to Plaintiff because of her sex. Steiner v.
13 Showboat Operating Co., 25 F.3d 1459, 1463 (9th Cir. 1994)
14 (derogatory terms that were not merely offensive but were also
15 humiliating could constitute harassment on the basis of sex in
16 context); Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027,
17 1037 (9th Cir. 2005) (despite a victim's acknowledgment that she
18 had a friendly working relationship and even laughed at some
19 jokes, the victim's later determination that she no longer
20 appreciated the rude jokes could be considered in light of her
21 ultimately having complained about the course of conduct).

22      Further, the yelling/frightening incident is admissible to
23 show the basis for Plaintiff's first complaint to Elliott and to
24 show the extent of the employer's knowledge of Heid's conduct,
25 which in turn could tend to support inferences regarding the
26 motive or intent of the employer in doing what it did.

27                    b. Wiping Incident
28      Defendant also seeks to exclude evidence of the November

1  2002 "wipe yourself" comment because it does not meet the
2  objective criteria for sexual harassment.

3      Plaintiff testified that with respect to a mistake she had
4  made on a document, Heid made fun of her for not correcting one
5  of two mistakes and asked if she wiped herself after she went to
6  the restroom. She called Elliott about it. She considered it to
7  be sexual harassment. She also testified that she never again
8  felt physically threatened and that Heid did not use bad language
9  around her.

10     The comment involved direct reference to private functions
11 in coarse language and in a humiliating manner that a reasonable
12 trier could find was abusive and based on sex, in light of the
13 totality of the circumstances of the work environment. It is for
14 the trier of fact to evaluate the totality of the circumstances
15 to determine the severity and reason for the harassment.

16     Therefore, Defendant's motion to exclude the "wiping"
17 incident IS DENIED.

18              2. Time-barred Acts

19     Defendant further argues that these acts should be time-
20 barred because they are "stand-alone" incidents, unrelated to any
21 other conduct or interaction and thus not part of a course of
22 conduct that could in totality be considered a hostile work
23 environment. However, in the ruling on the motion for summary
24 judgment, the Court noted that although Plaintiff's EEOC
25 complaint was filed in February 24, 2004, the theory of the
26 violation involves a hostile work environment claim which is
27 composed of a series of acts which collectively constitute one
28 employment practice; as long as an act contributing to the claim

21

occurs within the filing period, some component acts of the HWE claim may fall outside the statutory period and yet may be considered as part of the entire time period of the hostile work environment for the purpose of determining liability. (Order pp. 34-35.)

Here, there were a series of similar acts and general conduct by the same supervisor towards the same employee; they were relatively frequent throughout the period from 2002 through January 2004. This is not a case of discrete, unrelated acts; rather, it is to be evaluated by the trier as a hostile work environment claim in its totality.

Accordingly, Defendant's motion to exclude earlier or time-barred acts IS DENIED.

> C. <u>Defendant's Motion in Limine No. 3: Emotional Distress from Defense Counsel's Taking a Deposition and Raising the Issue of Fraud regarding Bereavement Leave</u> (Doc. 76)

Defendant moves to exclude pursuant to Rules 401 and 403 all evidence and argument concerning defense counsel's having caused Plaintiff to suffer emotional distress by taking her deposition and by raising the issue of bereavement leave fraud.

The evidence carries an undue tendency to inflame the jury or to suggest an improper, emotional basis for decision, as well as to distract and confuse the jury. Further, it would invite the introduction of evidence that would unnecessarily consume time. To the extent that the evidence would bear on continuation of the damage claim, it is remote to the action of Heid and the action or inaction of the school district. It does not appear that a limiting instruction would cure the problems caused by

introduction of the evidence.

Further, it was not established that Plaintiff appropriately and timely disclosed this basis for her claim of damage; there is no showing of any substantial justification or harmlessness. Thus, the evidence is subject to exclusion pursuant to Fed. R. Civ. P. 37.

Accordingly, Defendant's motion to exclude evidence and argument concerning defense counsel's having caused Plaintiff to suffer emotional distress by taking her deposition and by raising the issue of bereavement leave fraud IS GRANTED.

> D. <u>Defendant's Motion in Limine No. 4:</u>
> <u>Harassment/Discrimination Occurring after January</u>
> <u>2, 2004 (Doc. 77)</u>

Defendant moves to exclude evidence and argument regarding allegations by Plaintiff of sexual harassment and/or discrimination allegedly occurring after January 2, 2004, on the grounds of irrelevance, Rule 403, and Fed. R. Civ. P. 37 for failure to disclose any such allegations or conduct in interrogatory answers.

Reference to the discovery materials submitted by Defendant shows that there was no mention of any specific incidents or conduct after January 2, 2004, in Plaintiff's discovery responding to questions regarding the facts upon which she based the allegations of the first amended complaint. However, there were references to unspecified (i.e., no time or place or other details) constant cussing, and in connection with damages (Doc. 77-2 p. 16), Plaintiff alleged that her damages included ongoing anxiety caused by the failure of the district to believe that she was not telling the truth and its refusal to come to grips with

Heid's behavior; she claimed ongoing emotional distress since she had been portrayed as not believable. The Court is cited to no evidence that Plaintiff ever made any claims as to any particular conduct after the pertinent date in her complaint, her deposition, or in interrogatories. In the first amended complaint, Plaintiff alleged that the most recent manifestation of the conduct constituting the course of sexually hostile work environment occurred on May 30, 2003; thereafter, the Defendant failed or refused to take appropriate action to remedy the effects of the discriminatory treatment, and it denied that the conduct amounted to sexual harassment. (FAC pp. 4-5.)

Plaintiff points to the fact that it was well after the January 2, 2004 incident that Plaintiff was transferred. The district's conduct in response to the January 2, 2004 incident is within the scope of the third claim regarding unreasonable response after formal complaint; thus, the completion of the official action on Plaintiff's complaints that are the subject of this action should be permitted.

Otherwise, acts following the date of January 2, 2004, are beyond the scope of the complaint and the discovery.

Fed. R. Civ. P. 37(c) provides that a party who without substantial justification fails to disclose information required by Rule 26(a) [initial disclosures of, inter alia, a copy of, or description by category and location of, all documents in the possession of the party that the disclosing party may use to support its claims or defenses, unless solely for impeachment] or 26(e)(1) [imposing a duty to update initial disclosures or responses to requests for discovery upon court order or upon

learning of a material inaccuracy or deficit under circumstances
that the information has not otherwise been made known to the
other parties during the discovery process or in writing], or to
amend a prior response to discovery as required by Rule 26(e)(2)
[imposing a duty seasonally to amend a prior response to an
interrogatory, request for production, or request for admission
if the party learns of a material inaccuracy or deficit and the
information has not otherwise been made known to the other
parties during the discovery process or in writing], is not,
unless such failure is harmless, permitted to use as evidence at
a trial, at a hearing, or on a motion any witness of information
not so disclosed. Additional or alternative appropriate sanctions
may be imposed upon motion and after a hearing.

     The burden of establishing that something is harmless is on
the party who failed to make the required disclosure. <u>Burton v.
R. J. Reynolds Tobacco Co.</u>, 203 F.R.D. 636, 639-40. Relief may be
warranted where there is a lack of substantial justification for
the delay in disclosure, accompanied by a showing of prejudice,
which can consist of unfair surprise such that the party is not
able adequately to oppose a motion or otherwise prepare a case.
<u>See</u> <u>Pfingston v. Ronan Engr. Co.</u>, 284 F.3d 999, 1005 (9th Cir.
2002).

     Plaintiff responds that unspecified evidence of ongoing
harassment and discrimination against Plaintiff would show a
pattern of misconduct constituting a HWE and callous disregard of
harm caused by Heid's sexual harassment of Garcia. However, Heid
is no longer employed by the district, and it is assumed that
once Plaintiff was transferred, Heid was no longer her direct

supervisor. Plaintiff's discovery refers generally to the effect on Plaintiff of the perceived violations, as distinct from continuing affirmative conduct of the district. Defendant could suffer surprise if specific, affirmative conduct other than simply standing by the earlier determination is contemplated. No justification for not giving greater notice is stated.

Conduct on the part of the employer occurring after the transfer in January 2004, when Plaintiff presumably no longer worked for Heid, would appear to be very remote from the events concerning whether Heid's conduct was harassment. It might bear on damages, but only in the context of those damages' continuing, as distinct from additional acts being committed causing further damage.

At hearing counsel for the parties agreed that the only evidence of post-January 2, 2004 conduct intended to be introduced had been included in the deposition; thus, it was unclear exactly what evidence Defendant was targeting by the motion. The parties further appeared to be in agreement that Plaintiff's experience of distress and other damages was relevant and admissible.

The Court concludes that evidence of Defendant's conduct that is unrelated to the Defendant's response to Plaintiff's complaint concerning the January 2, 2004 incident, and occurring after that date, is remote from the events of Heid's alleged harassment, but it presents a significant danger of misleading and confusing the jury, and it would surprise Defendant. These factors outweigh its probative value. There is no justification or harmlessness shown by the proponent of the evidence.

Accordingly, Defendant's motion to exclude evidence of Defendant's conduct after January 2, 2004, excepting evidence concerning Defendant's response to Plaintiff's complaints made before and on that date, and further excepting conduct that is mentioned in Plaintiff's deposition, IS GRANTED.

### E. Defendant's Motion in Limine No. 5: Subsequent Consistent Statements of Plaintiff (Doc. 78)

Defendant moves to exclude evidence of Plaintiff's subsequent consistent statements regarding the alleged harassment made after her reports of the October 2002 and November 7, 2002 events, her note regarding the May 2003 masturbation incident, and her report to union personnel (John Puentes and Rod Gaulman) regarding the same incident. The basis of the motion is that consistent statements made subsequent to these are hearsay excluded by Fed. R. Evid. 801(d)(1). These subsequent statements include Plaintiff's statement at the Mejia hearing on September 11, 2003; her interview and written statements to Kaplan and Villalta in September and October 2003; her statements to the board on November 20, 2003; her statement to the EEOC on December 30, 2003; statements to Juri on various dates in 2005, and to Morewitz in May 2005.

Fed. R. Evid. 801(d)(1) provides in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if--
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive,

or (C) one of identification of a person made after perceiving the person....

The legal standard was summarized in <u>United States v. Bao</u>, 189 F.3d 860, 864 (9th Cir. 1999):

An out-of-court statement is not hearsay if the declarant testifies at the trial and is subject to cross-examination concerning the statement, and the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B); see <u>United States v. Frederick</u>, 78 F.3d 1370, 1377 (9th Cir.1996). "Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited.... The Rule speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told." <u>Tome v. United States</u>, 513 U.S. 150, 157-58, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). In <u>Tome</u>, the Supreme Court "added a 'temporal' requirement, holding that prior consistent statements made after the date of the alleged motivation to lie are inadmissible." <u>Frederick</u>, 78 F.3d at 1377; see <u>Tome</u>, 513 U.S. at 167, 115 S.Ct. 696. Therefore, the party offering the statement must establish four elements under Rule 801(d)(1)(B): "(1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and, (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose." ____ <u>Collicott</u>, 92 F.3d at 979.

<u>United States v. Bao</u>, 189 F. 3d at 864.

However, the parties agree that such evidence is admissible if not admitted for the purpose of proving the truth of the matter asserted but rather to prove relevant knowledge, motivation, or state of mind; that the words were spoken or the at was done, Fed. R. Evid. 801(c); to show the existence of a fact rather than its truth, <u>Harvey Barnett, Inc. v. Shidler</u>, 338 F.3d 1125, 1130 n.4 (10th Cir. 2003) (internet data admissible to

show that the data existed on the internet); or to explain the course of a series of events, United States v. Eberhart, 467 F.3d 659, 663 (7th Cir. 2006) (testimony regarding recorded conversations admissible to explain the course of investigation), or otherwise to provide context, United States v. Macari, 453 F.3d 926, 941-42 (7th Cir. 2006), cert. den. Brenkus v. United States, 127 S.Ct. 688 (2006) (statement regarding an individual's involvement in the grand jury was offered for a nonhearsay purpose to provide context to the hearer's instructions to the speaker that were given in response to the statement).

Here, the trier will hear evidence of the course of Plaintiff's complaints and the series of events constituting the investigation into the complaints and the Defendant's response thereto. The need to provide context and to explain the course of the conduct of the parties will mean that vital links in the sequence of events must not be kept from the jury. The Court anticipates that most of the statements will be offered for nonhearsay purposes. The potential for prejudice may be cured by limiting instructions to the jury explaining that the statements are to be considered only to provide context and to explain the course of events, and not for the purpose of determining the truth of the very matters asserted in the consistent statements. The potential for duplication of evidence may be remedied by limiting the detail provided as to the content of the statements.

Accordingly, Defendant's motion to exclude subsequent consistent statements of Plaintiff as hearsay IS DENIED subject to Defendant's raising the issue again as the witnesses and facts require in the course of the trial.

### F. Defendant's Motion in Limine No. 6: Other Bad Acts of Heid

Defendant seeks to exclude several classes of prior bad acts as irrelevant and pursuant to Rule 403.

#### 1. Evidence before Employment at LBUSD

There is evidence from Heid's deposition that he argued with a supervisor while employed by a previous school district (before 2000), that the supervisor resigned, and that Heid was asked to attend an anger management class.

There is no evidence that the district knew of this during the pertinent time during which Heid worked for them; it thus does not appear to relate to the claim of inadequate response.

If the evidence were offered to show intent or motive, in determining whether a prior wrong or act is admissible under Rule 404(b) to prove a matter such as motive, intent, knowledge, absence of mistake, etc., a court will admit the evidence if 1) it tends to prove a material point, 2) the prior act is not too remote in time, 3) the evidence is sufficient to support a finding that the defendant committed the other act, and 4) (where knowledge and intent are at issue), the act is similar to the offense charged. United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (criminal case). The Court's balancing under Rule 403 to determine the admissibility of bad acts evidence must appear on the record. Blind-Doan v. Sanders, 291 F.3d 1079, 1082-83 (9th Cir. 2002).

Here, the incident is remote and is not similar to the incidents in the present case, which involve Heid's conduct with a subordinate female employee and often involve phenomena in

30

1 addition to anger. It appears that any probative value is
2 substantially outweighed by prejudice. The evidence carries a
3 strong potential to inflame the jury and distract them. See,
4 Tennison v. Circus Circus Entriprises, Inc., 244 F.3d 684 (2001)
5 (upholding exclusion of co-workers' testimony of claimed
6 harassment by the offending actor at a time five years earlier
7 when more recent evidence regarding other coworkers was
8 available).

9     Accordingly, Defendant's motion to exclude evidence of
10 Heid's pre-employment argument with a supervisor and anger
11 management follow-up IS GRANTED.

12                2. Abusive Acts of Heid to Men other than Mejia
13     Defendant argues that evidence of allegations or questions
14 regarding allegedly rude, vulgar, unprofessional, or abusive acts
15 by Heid towards men (except for the Andy Mejia incident which
16 Defendant admits is "inextricably interrelated to the facts of
17 this case" (Mot. p. 1)) should be excluded because it could not
18 prove or tend to prove that Heid sexually harassed Garcia.

19     The evidence includes 1) Heid's being upset and swearing at
20 a vendor around Christmas 2001 when a parked school bus
21 spontaneously caught fire; 2) evidence that Heid swore or yelled
22 at vendors at various occasions; and 3) evidence that Heid yelled
23 at, swore at or in front of, or yelled at, male subordinates,
24 peers, and /or supervisors on various occasions.

25     The incident of swearing at a vendor when a parked school
26 bus caught fire is not similar to the incidents involving
27 Plaintiff and Heid, and it is remote. It is of lesser probative
28 value and is arguably substantially outweighed by the danger of

31

1  undue prejudice and distracting the jury from the material
2  elements of the case. Likewise, incidents of yelling or swearing
3  at vendors, as distinct from employees, are dissimilar and may
4  not be particularly probative, unless they are offered to show
5  knowledge.

6      Accordingly, with the exception of the yelling incident
7  involving Margaret Gomes, Defendant's motion to exclude evidence
8  of Heid's abusive acts towards vendors IS GRANTED.

9      Evidence that Heid yelled at or abused male employees is not
10 irrelevant. There is no showing of the particulars of these
11 incidents, but the Court understands this evidence to be evidence
12 that in the pertinent time period Heid yelled at subordinate male
13 employees at the workplace. It is possible that Heid harassed
14 employees of both sexes, and yet the nature and quality of his
15 harassment of female employees was different, and thus a contrast
16 between harassment of females and harassment of males might tend
17 to show harassment and harassment because of sex. See, Oncale v.
18 Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998) (noting
19 in a case of same-sex harassment, that comparative evidence about
20 how alleged harasser treated members of both sexes in mixed-sex
21 workplace could be offered); Steiner v. Showboat Operating Co.,
22 25 F.3d 1459, 1463-64 (9th Cir. 1994) (noting that abuse of both
23 sexes of workers by the employer does not nullify that fact that
24 a reasonable female worker might still be offended by the
25 conduct, and further noting that the nature of abuse of females
26 could differ qualitatively from that of men).

27     A limiting instruction could prevent the jury from using
28 the evidence to make inappropriate inferences of propensity.

1 Counsel are invited to suggest the text of a limiting instruction
2 or instructions.

3      Accordingly, Defendant's motion to exclude Heid's abusive
4 conduct towards male employees IS DENIED.

5                     3. <u>Swearing, Yelling, Rudeness towards Women</u>

6      Defendant seeks to exclude evidence of Heid's yelling to
7 women other than Gomes or Plaintiff when the behavior was not
8 considered or characterized as sexual harassment.

9      As Plaintiff argues, whether or not misbehavior was
10 characterized by employees or the employer as sexual harassment
11 is not determinative; rather, the question is whether the
12 evidence tends to prove a material element of Plaintiff's case,
13 or is relevant and within the scope of proper impeachment and
14 impeachment rebuttal evidence.

15      The circumstances of yelling in front of other women are not
16 set forth, but the Court understands that it is evidence of
17 Heid's yelling at female employees at the workplace during the
18 pertinent period of time to show the basis of the harassment.
19 <u>See</u>, <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75, 80
20 (1998); <u>Steiner v. Showboat Operating Co.</u>, 25 F.3d 1459, 1463-64
21 (9th Cir. 1994). It may also be relevant to prove knowledge on the
22 part of Defendant and may be probative of Plaintiff's subjective
23 understanding of her own treatment, or of a reasonable person's
24 assessment of the situation, with respect to the issue of whether
25 harassment was because of sex. The evidence would be of
26 significant probative value in that it would permit the trier to
27 evaluate the facts relating to a harassment determination in
28 light of the totality of the circumstances at the workplace at

1   the pertinent time. Again, a limiting instruction could limit any

2   potential for prejudice faced by Defendant; counsel are invited

3   to suggest the terms of such an instruction.

4        Accordingly, Defendant's motion to exclude evidence of

5   abusive behavior towards other female employees IS DENIED.

6   IT IS SO ORDERED.

7   **Dated:    March 9, 2007**              _____/s/ **Sandra M. Snyder**_____
    icido3                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28